IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT WILHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 1:10-CV-0005-RLV |
| ) | |
| AT&T MOBILITY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## CONSENT MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING A DECISION OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant AT&T Mobility LLC ("ATTM") respectfully moves the Court for a temporary stay of proceedings in this case pending a decision of the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") on ATTM's motion to transfer and consolidate certain related cases, including this one, for all pretrial proceedings.[1] In the alternative, Defendant requests a 60-day extension of time to respond to the Complaint. Counsel for plaintiff Robert Wilhite has authorized Defendant to state that Plaintiff consents to this motion.

---

[1] Defendant expressly preserves its right to raise appropriate personal jurisdiction and other defenses and do not waive any such defenses by filing this motion.

## INTRODUCTION

This case is one of 34 virtually identical putative class actions pending in 31 different judicial districts throughout the country. Each action has been filed on behalf of a putative class of subscribers to wireless data plans provided by ATTM and challenges certain taxes that ATTM allegedly collects and remits to state or local tax authorities in conjunction with those plans. Specifically, the complaints allege that ATTM breached its wireless service contract and violated consumer protection laws by collecting state or local taxes on Internet access, in violation of the federal Internet Tax Freedom Act ("ITFA"), 47 U.S.C. § 151 note.

In light of the many substantially similar factual and legal issues presented by these cases, ATTM moved the JPML on January 15, 2009 to transfer these related actions to a single federal district court for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. A copy of this motion is attached as Exhibit A.

Under 28 U.S.C. § 1407, when actions "involving one or more common questions of fact are pending in different districts," the Panel may transfer the cases to a single district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Panel must order such transfers whenever it determines that they "will be for the convenience of parties and witnesses and will promote the just and

efficient conduct of such actions." *Id.* As set forth more fully in Exhibit A, transfer and consolidation in this case would eliminate duplicative discovery and motions practice, prevent potentially inconsistent pretrial rulings, and thereby serve the interests of the parties and of judicial economy.

A stay of proceedings in this case pending the JPML's decision on ATTM's pending motion would serve Section 1407's goals of efficiency and consistency by eliminating the need for the Court and the parties to litigate issues that will ultimately be resolved by the transferee court if the motion for transfer and consolidation is granted. Accordingly, Defendant seeks a stay of all proceedings in this action pending the Panel's ruling.

## ARGUMENT

This Court has broad discretion and authority to stay proceedings before it. Such power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting plaintiff's motion to stay proceedings pending resolution of transfer motion before the Panel). Although the decision to grant a stay is discretionary, "it is appropriate [to do so] when it serves the interests of judicial economy and

efficiency." *Rivers*, 980 F. Supp. at 1360; *accord La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (same).

This Court and others have repeatedly concluded that it is appropriate to stay pretrial proceedings while a motion to transfer is pending before the JPML, both to conserve judicial resources and to avoid prejudice to the parties. *See, e.g.*, Order, *Williams v. Astrozenica Inc.*, 1:08-cv-03732 (N.D. Ga. Jan. 12, 2009) (Vining, J.) (granting stay pending Panel decision on transfer); Order, *Peragallo v. Wright Pharma, Inc.*, No. 1:08-cv-03044 (N.D. Ga. Nov. 6, 2008) (Vining, J.) (granting consent motion to stay pending Panel decision on transfer); Order, *Culbreth v. Merck & Co.*, No. 1:06CV01752 (N.D. Ga. Aug. 15, 2006) (Vining, J.) (same); *Wood v. Merck & Co.*, 2008 WL 4642615, at *2 (M.D. Fla. Oct. 20, 2008) (granting stay "because it is reasonable to assume that the JPML will eventually transfer this case . . ., and in an effort to preserve judicial and client resources and to promote consistency and economy"); *Bonenfant v. R.J. Reynolds Tobacco Co.*, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (staying proceedings pending Panel decision). Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; *see also Bonenfant*, 2007 WL

2409980, at *1 ("It is common practice for courts to stay an action pending a transfer decision by the JPML.").

In considering a request for a stay based on a pending JPML motion, courts typically examine three factors: (1) "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated"; (2) the "hardship and inequity to the moving party if the action is not stayed"; and (3) the potential prejudice to the nonmoving party if the action is stayed. *Emerson v. Lincoln Elec. Holdings, Inc.*, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (quoting *Rivers*, 980 F. Supp. at 1360); *see also Landis*, 299 U.S. at 254. Here, all three factors weigh in favor of a stay. Indeed, three district courts presiding over actions that are subject to ATTM's motion to transfer have already stayed proceedings pending the JPML's decision. *See* Order, *Cooper v. AT&T Mobility, LLC*, No. 1:09-cv-00992 (D. Del. Jan. 25, 2010); Order, *Pauley v. AT&T, Inc.*, No. 2:09-cv-04248 (W.D. Mo. Jan. 20, 2010); Order, *Havron v. AT&T Inc.*, No. 3:09-cv-01040 (S.D. Ill. Jan. 19, 2010).

### A. A Stay Will Promote Judicial Economy.

In all of the cases that are the subject of ATTM's transfer motion, ATTM is alleged to have breached wireless service contracts and violated consumer protection laws by collecting certain state and local taxes on Internet access in

violation of federal law. Piecemeal litigation of the similar factual and legal issues presented by these cases would drain judicial resources without any apparent benefit. *See, e.g., In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) (explaining that MDL treatment is appropriate "when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events"). Moreover, it would create a substantial likelihood of inconsistent pretrial rulings, particularly on critical questions such as class certification (should the case reach that stage). *See, e.g., In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues.").

It is for precisely these reasons that ATTM has sought transfer and consolidation and that its motion is likely to be granted. Accordingly, entry of a stay pending the JPML's decision will prevent this Court from incurring the costs of presiding over discovery and pretrial proceedings that will likely be conducted anew by the transferee court if the transfer motion is granted. *See Rivers*, 980 F. Supp. at 1360.

A stay is particularly advantageous at this point, because "[t]he action has not progressed beyond the early stages of litigation." *Glazer v. Whirlpool Corp.*,

2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008). Indeed, no responsive pleadings or substantive motions have been filed, and discovery has not yet commenced. "If the MDL Panel declines to transfer the case, pre-trial proceedings in this Court will recommence and no parties will have been prejudiced, nor any time and effort wasted, in the interim." *Id.*

Moreover, without a stay, there is a significant risk that conflicting rulings among this and other courts presiding over the various pending actions ultimately would have to be resolved by the transferee court. There is no question that similar issues of law and fact will arise in each of the 34 actions. The chance of conflicting rulings, therefore, is not remote, particularly because these cases involve efforts to certify class actions. Inconsistent rulings will arise if some courts, but not others, decide to grant class certification. In contrast, "[t]he transferee judge, with all claims and all parties before him, will have a clear picture of the scope and complexity of the litigation, essential to making the class determinations." *In re Equity Funding Corp. of Am. Sec. Litig.*, 375 F. Supp. 1378, 1386 (J.P.M.L. 1974).

In addition, courts in all jurisdictions may face pretrial motions raising factual and legal questions common to the cases, including whether ATTM's wireless data services constitute "Internet access services" within the meaning of

the ITFA, and whether the ITFA prohibits the imposition of state or local taxes on wireless data services. A stay of proceedings would avoid the costs to this Court of adjudicating factual and legal disputes that will in all likelihood be subject to reconsideration by the transferee court. *See, e.g., Rivers*, 980 F. Supp. at 1361; *Med. Soc'y of State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) ("[T]here are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation."); *In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979), *aff'd*, 664 F.2d 114 (6th Cir. 1981). As one federal court recently noted, "[t]here is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court." *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009).

For these reasons, a stay is necessary and appropriate to promote the efficient use of judicial resources.

**B.     Defendant Will Be Prejudiced Unless A Stay Is Granted.**

Absent a stay, ATTM (as well as the Plaintiff) will face the burden of costly and duplicative discovery and motions practice in multiple jurisdictions. The

substantially similar factual allegations in all of the complaints encompassed in the pending JPML motion make clear that ATTM will face overlapping discovery requests pertaining to the billing and taxation practices for their wireless data service plans. Without a stay, ATTM will likely have to engage in duplicative document production, answer multiple sets of interrogatories, and submit to multiple depositions on precisely the same factual issues—a result the MDL procedure was intended to avoid. *See Glazer*, 2008 WL 4534133, at *2 ("A decision to deny the stay would prejudice the Defendant ... because Whirlpool would be required to engage in extensive overlapping discovery simultaneously in different fora."); *Equity Funding Corp.*, 375 F. Supp. at 1384 (MDL statute was "undoubtedly intended to confer on a transferee judge the power to fashion the discovery program to accommodate the different facets and nuances of the litigation."). A stay is particularly important as a matter of fairness to ATTM's witnesses, who should not be required to appear for multiple depositions in the various actions.

### C. A Stay Will Not Prejudice The Plaintiff.

The Plaintiff's consent to this motion underscores that the efficiency gains of a stay would also inure to his benefit. Plaintiff would be spared the costs of pretrial motions practice and discovery that may later be repeated in the transferee

court. And because ATTM is requesting only a temporary stay pending a decision by the Panel, any delay of proceedings will be brief. The benefits to the Court and the parties therefore clearly outweigh any minor inconvenience to the Plaintiff that the issuance of a stay may cause. Indeed, courts have repeatedly rejected the notion that a plaintiff would be prejudiced by awaiting a ruling of the JPML. *See, e.g., Emerson*, 2009 WL 690181, at *1 (finding that "potential prejudice to Plaintiff is minimal"); *Conner v. AT&T*, 2006 WL 1817094, at *4 (E.D. Cal. June 30, 2006) ("The prejudice to Defendants ... of having to litigate similar issues in so many different forums is greater than the approximate one to two month delay Plaintiffs will face."); *Bledsoe v. Janssen Pharmaceutica*, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006) ("The Court concludes that, although Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests described above."); *Med. Soc'y*, 187 F. Supp. 2d at 92 ("[P]laintiffs have not demonstrated any prejudice in the event of a stay except the slight delay in deciding the remand motion.").

### D. Alternatively, Defendant Should Be Granted An Additional 60 Days To Respond To The Complaint.

In the event that the Court declines to grant a stay, ATTM requests a 60-day enlargement of time to respond to the Complaint. Dozens of additional cases involving similar allegations are currently pending across the country, creating a

substantial burden on ATTM and its counsel and impeding their ability to prepare an appropriate response to the Complaint in this matter. Accordingly, ATTM respectfully requests an additional 60 days to respond to the Complaint.

## CONCLUSION

For the foregoing reasons, ATTM respectfully requests that the Court grant its motion to stay, or, in the alternative, grant it a 60-day enlargement of time to respond to the Complaint. A proposed Order is attached as Exhibit B.

|  |  |
|---|---|
|  | */s/ Nathan L. Garroway* |
|  | **David L. Balser** |
| MCKENNA LONG & ALDRIDGE LLP | Georgia Bar No. 035835 |
| 303 Peachtree Street, Suite 5300 | dbalser@mckennalong.com |
| Atlanta, Georgia 30308 | **Nathan L. Garroway** |
| (404) 527-4000 | Georgia Bar No. 142194 |
| (404) 527-4198 (facsimile) | ngarroway@mckennalong.com |
|  |  |
|  | Evan M. Tager |
| MAYER BROWN LLP | (*pro hac vice* to be filed) |
| 1999 K Street, N.W. | Archis A. Parasharami |
| Washington, DC 20006-1101 | (*pro hac vice* to be filed) |
| (202) 263-3000 | Elizabeth G. Oyer |
| (202) 263-3300 (facsimile) | (*pro hac vice* to be filed) |
|  |  |
|  | *Attorneys for Defendant* |
|  | *AT&T Mobility LLC* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1B

I hereby certify that the foregoing Defendant's Consent Motion and Memorandum Of Law In Support Of Motion To Stay Proceedings Pending A Decision Of The Judicial Panel On Multidistrict Litigation has been prepared in 14-point Times New Roman font, and accordingly complies with Local Rule 5.1C.

*/s/ Nathan L. Garroway*
Nathan L. Garroway

# CERTIFICATE OF SERVICE

I hereby certify that I have on this the 28th day of January, 2010, electronically filed the foregoing CONSENT MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING A DECISION OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION via the Court's CM/ECF electronic filing system which has sent electronic notification of this filing to the following counsel of record who have consented to electronic notification:

>   Bryan Anthony Vroon
>   bvroon@vclawfirm.com

I further certify that on this date, I served a true and correct copy of the foregoing on the following non-ECF participants by United States Mail, with sufficient postage thereon, addressed as follows:

>   Edward D. Robertson, Jr.
>   Mary D. Winter
>   Anthony L. DeWitt
>   Bartimus, Frickleton, Robertson & Gorny, P.C.
>   715 Swifts Highway
>   Jefferson City, MO 65109
>
>   Harry Huge
>   The Huge Law Firm LLC
>   Suite 3016
>   1080 Wisconsin Ave., NW
>   Washington, DC 20007

Theodore Huge
Theodore Huge Law Firm LLC
31 Broad Street
Charleston, SC 29401

This 28th day of January, 2010.

|  |  |
|---|---|
|  | /s/ Nathan L. Garroway |
|  | **David L. Balser** |
| McKenna Long & Aldridge LLP | Georgia Bar No. 035835 |
| 303 Peachtree Street, Suite 5300 | dbalser@mckennalong.com |
| Atlanta, Georgia 30308 | **Nathan L. Garroway** |
| (404) 527-4000 | Georgia Bar No. 142194 |
| (404) 527-4198 (facsimile) | ngarroway@mckennalong.com |