# EXHIBIT A

IN RE AT&T MOBILITY WIRELESS
DATA SERVICES SALES TAX
LITIGATION

) MDL No. ____

## AT&T MOBILITY'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 7.2(a), Defendant AT&T Mobility LLC ("Defendant" or "AT&T Mobility") respectfully moves the Panel for an Order transferring certain related actions to a single district court for consolidated pretrial proceedings.[1] In support of this motion, AT&T Mobility avers as follows.

1. At least 27 putative class action lawsuits have been filed in 26 different jurisdictions challenging AT&T Mobility's alleged practices of collecting certain state or local taxes on wireless data plans they provide to customers. These lawsuits ("the Related Actions") include: *Bendian v. AT&T, Inc.*, No. 09-cv-06100 (D.N.J.); *Bosarge v. AT&T Mobility, LLC*, No. 10-cv-005 (S.D. Miss.); *Bosse v. AT&T, Inc.*, No. 09-cv-03145 (D.S.C.); *Cooper v. AT&T Mobility LLC*, No. 09-cv-00992 (D. Del.); *Corn v. AT&T Mobility LLC*, No. 10-cv-00024 (E.D. Tex.); *Cranford v. AT&T, Inc.*, No. 09-cv-3243 (D. Neb.); *Diethelm v. AT&T Mobility, LLC*, No. 09-cv-2546 (N.D. Ala.); *Edmonds v. AT&T Mobility LLC*, No. 09-cv-01379 (W.D. Okla.); *Havron v. AT&T, Inc.*, No. 09-cv-1040 (S.D. Ill.); *Hendrix v. AT&T Mobility LLC*, No. 09-cv-

---

[1] AT&T Inc. is also named as a defendant in several of the related actions. Because AT&T Inc. is simply a holding company and is not subject to the personal jurisdiction of the courts in which those actions were filed, it is not properly named as a defendant, and Counsel for the plaintiffs in those actions has agreed to dismiss AT&T Inc. as a defendant. Accordingly, AT&T Inc. does not join in this motion.

02658 (D. Kan.); *Hoke v. AT&T Mobility LLC*, No. 10-cv-00006 (N.D. Ind.); *Iannetti v. AT&T Mobility LLC*, No. 09-cv-01684 (W.D. Pa.); *Johnson v. AT&T Mobility LLC*, No. 10-cv-10064 (E.D. Mich.); *Johnson v. AT&T Mobility LLC*, No. 09-cv-04104 (S.D. Tex.); *Macy v. AT&T, Inc.*, No. 10-cv-00079 (S.D.N.Y.); *Mazeitis v. AT&T Mobility LLC*, No. 09-cv-2179 (W.D. La.); *Munson v. AT&T Mobility LLC*, No. 09-82439 (S.D. Fla.); *Pauley v. AT&T, Inc.*, No. 09-cv-04248 (W.D. Mo.); *Rahn v. AT&T Mobility LLC*, No. 09-cv-00218 (E.D. Ky.); *Shirley v. AT&T Mobility LLC*, No. 09-cv-00636 (D.R.I.); *Shuptrine v. AT&T Mobility LLC*, No. 09-cv-00326 (E.D. Tenn.); *Taylor v. AT&T Co.*, No. 09-cv-00938 (E.D. Ark.); *Wallace v. AT&T Mobility LLC*, No. 09-cv-00928 (S.D. Ohio); *Wiand v. AT&T Mobility LLC*, No. 10-cv-10045 (E.D. Mich.); *Wieland v. AT&T Mobility LLC*, No. 09-cv-02991 (D. Colo.); *Wilhite v. AT&T Mobility Corp.*, No. 10-cv-0005 (N.D. Ga.); *Wood v. AT&T Mobility LLC*, No. 09-cv-00577 (S.D. Iowa).

2. Each of these Related Actions is in the very early stages of litigation. No responsive pleadings have been filed and no discovery has been conducted.

3. All of the Related Actions arise out of the same conduct and raise substantially similar legal claims. Each Action has been filed on behalf of a putative class of subscribers to wireless data plans provided by AT&T Mobility and challenges certain taxes that AT&T Mobility allegedly collects and remits to state or local tax authorities in conjunction with those plans. In addition, all but two of the Related Actions have been filed by the same counsel, including attorneys from the law firms Bartimus, Frickleton, Robertson & Gorny, P.C. and the Huge Law Firm LLC.

4. The Related Actions involve common questions of fact and law concerning AT&T Mobility's alleged practices of collecting state or local taxes on its wireless data plans. Based on the allegations in the complaints filed in the Related Actions, these questions include:

whether and to what extent AT&T Mobility collects state or local taxes in conjunction with its wireless data services; whether AT&T Mobility's wireless data services constitute "Internet access services" within the meaning of the Internet Tax Freedom Act (ITFA), 47 U.S.C. § 151 note; whether the ITFA prohibits the imposition of state or local taxes on wireless data services; whether AT&T Mobility's collection of allegedly unlawful state taxes breaches its contracts with its customers; and whether AT&T Mobility's alleged tax collection practices breach its covenant of good faith and fair dealing with its customers, among others.

5. Transfer and consolidation of these Related Actions before a single court will therefore serve the convenience of all parties and promote the just and efficient conduct of the litigation by eliminating potentially duplicative discovery and motions practice and preventing potentially inconsistent pretrial rulings.

6. The Related Actions have been filed in courts throughout the United States. Accordingly, a centrally located jurisdiction, such as a district court in Illinois or Missouri, would offer a convenient and appropriate forum for transfer and consolidation of these cases.

WHEREFORE, Defendant AT&T Mobility respectfully requests that the Panel transfer all Related Actions, as well as any subsequently filed cases raising similar claims, to a centrally located district court for consolidated pretrial proceedings.

Respectfully submitted,

Dated: January 15, 2010

*/s/ Evan M. Tager*
Evan M. Tager
Archis A. Parasharami
Elizabeth G. Oyer
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
*Counsel for Defendant AT&T Mobility LLC*

RECEIVED
CLERK'S OFFICE

2010 JAN 15 P 3: 24

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE AT&T MOBILITY WIRELESS )
DATA SERVICES SALES TAX ) MDL No. ____
LITIGATION )

## AT&T MOBILITY'S MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407, AT&T Mobility LLC ("Defendant" or "AT&T Mobility") has moved the Panel for an Order transferring certain related actions to a centrally located district court for consolidated pretrial proceedings. At least 27 putative class action lawsuits have been filed in 26 jurisdictions challenging AT&T Mobility's alleged practices of collecting certain state or local taxes on wireless data services that it provides to subscribers. These lawsuits ("the Related Actions") are enumerated in paragraph 1 of the accompanying motion.

The Related Actions present numerous common questions of fact and law pertaining to AT&T Mobility's billing practices and its contractual obligations to its wireless data service subscribers. Transfer of these cases to a single court for consolidated pretrial proceedings will eliminate duplicative discovery and motions practice, prevent potentially inconsistent pretrial rulings, and thereby serve the interests of the parties and of judicial economy. Accordingly, AT&T Mobility respectfully requests that the Panel issue an Order transferring all Related Actions to a centrally located district court for consolidated pretrial proceedings.

### ARGUMENT

Under 28 U.S.C. § 1407, when actions "involving one or more common questions of fact are pending in different districts," the Panel may transfer the cases to a single district for

consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Panel must order such transfers whenever it determines that they "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* Here, the criteria for transfer and consolidation of the Related Actions are satisfied.

### A. The Related Actions Involve Common Questions of Fact and Law.

Each of the Related Actions alleges that AT&T Mobility breached its wireless service contract with the plaintiff and violated consumer protection laws by collecting state or local taxes on Internet access, in violation of the federal Internet Tax Freedom Act (ITFA), 47 U.S.C. § 151 note. Accordingly, the Related Actions involve common questions of fact and law concerning AT&T Mobility's alleged practices of collecting state or local taxes on its wireless data plans. Based on the allegations in the complaints filed in the Related Actions, these questions include: whether and to what extent AT&T Mobility collects state or local taxes in conjunction with its wireless data services; whether AT&T Mobility's wireless data services constitute "Internet access services" within the meaning of the Internet Tax Freedom Act (ITFA), 47 U.S.C. § 151 note; whether the ITFA prohibits the imposition of state or local taxes on wireless data services; whether AT&T Mobility's collection of allegedly unlawful state taxes breaches its contracts with its customers; and whether AT&T Mobility's alleged tax collection practices breach its covenant of good faith and fair dealing with its customers, among others.

The Panel has previously ordered transfer and consolidation under analogous circumstances. In *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, MDL No. 1559, 293 F. Supp. 2d 1378 (J.P.M.L. 2003), the Panel ordered transfer for consolidated pretrial proceedings of actions "present[ing] common, complex legal and factual questions concerning the disclosure and/or propriety of line-item fees charged by wireless telephone service providers to customers for recovering the costs of complying with one or more federally mandated

telecommunication programs." *Id.* at 1379. Here, the Related Actions similarly involve the "propriety of line-item fees charged by" the defendant. *Id.* All plaintiffs "challenge essentially the same billing conduct and seek relief on behalf of frequently commonly defined (if sometimes geographically separate) plaintiff classes." *Id.* Accordingly, there are sufficiently common factual and legal issues to warrant transfer to a single district for consolidated proceedings.

### B. Consolidation Will Be Convenient to the Parties and Witnesses and Will Promote Judicial Efficiency.

In light of the predominating common issues of law and fact, consolidated pretrial proceedings in the Related Actions will serve the interests of all parties and of judicial efficiency. Plaintiffs in the various actions are likely to seek discovery on the same billing practices from the same documents and witnesses. The parties are likely to engage in similar motions practice in all proceedings. In addition, the complaints seek to certify overlapping plaintiff classes of subscribers to AT&T Mobility's wireless data service plans. Accordingly, as in *Wireless Telephone Federal Cost Recovery Fees Litigation*, "[c]entralization under Section 1407 with respect to these actions is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to overlapping class certifications), and conserve the resources of the parties, their counsel and the judiciary." 293 F. Supp. 2d at 1379.

### C. A Centrally Located District Court Would Provide an Appropriate Forum.

The Related Actions are currently pending in 26 different judicial districts throughout the United States. Accordingly, for the convenience of all parties and counsel, the Panel should select a centrally located forum for transfer and consolidation of the Related Actions. When related cases are scattered across the nation, the Panel typically assigns them to a geographically central forum, which, in prior MDLs, have included the district courts in central states such as Illinois and Missouri. *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices &*

3

*Prods. Liab. Litig.*, MDL No. 2100, 2009 WL 3163531 (J.P.M.L. Oct. 1, 2009) (assigning MDL to district court in Illinois, which "provides a geographically central forum for this nationwide litigation in which actions are pending in various districts across the country"); *Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d at 1380 (assigning MDL to district court in Missouri, which offered an "accessible, geographically central district"). Accordingly, AT&T Mobility respectfully suggests that the Panel transfer and consolidate the Related Actions in a convenient and geographically central forum, such as the district courts in Illinois and Missouri.

## CONCLUSION

For the reasons stated herein and in the accompanying motion, Defendant AT&T Mobility respectfully requests that the Panel issue an Order transferring all Related Actions to a single, centrally located district court for consolidated pretrial proceedings.

Respectfully submitted,

Dated: January 15, 2010

Evan M. Tager
Archis A. Parasharami
Elizabeth G. Oyer
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Counsel for Defendant AT&T Mobility LLC*

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

RECEIVED
CLERK'S OFFICE
2010 JAN 20 A 11: 15
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

)
)
IN RE AT&T MOBILITY WIRELESS )
DATA SERVICES SALES TAX ) MDL Docket No. _____
LITIGATION )
)
)

## REVISED SCHEDULE OF ACTIONS

| Case Captions | Civil Action Number | Court | Judge |
|---|---|---|---|
| **Plaintiff**: Ronald Bendian<br>**Defendants**: AT&T, Inc. and AT&T Mobility LLC | 2:09-cv-06100-SDW-MCA | D. New Jersey (Newark Division) | Judge Susan D. Wigenton |
| **Plaintiffs**: Michael Bosarge and Richard Garner<br>**Defendant**: AT&T Mobility LLC, | 3:10-cv-00005 HTW-LRA | S.D. Mississippi (Jackson Division) | Judge Henry T. Wingate |
| **Plaintiff**: Eric Bosse<br>**Defendants**: AT&T, Inc. and AT&T Mobility LLC | 2: 09-cv-03145 | D. South Carolina (Charleston Division) | Judge C. Weston Houck |
| **Plaintiff**: Kathy J. Cooper<br>**Defendant**: AT&T Mobility LLC | 1:09-cv-00992 | D. Delaware (Wilmington Division) | Judge Gregory M. Sleet |
| **Plaintiffs**: Harvey Corn, Pam Corn<br>**Defendant**: AT&T Mobility LLC | 1:10-cv-00024-LY | W.D. Texas (Austin Division) | Judge Lee Yeakel |
| **Plaintiff**: Matthew Cranford<br>**Defendants**: AT&T, Inc. and AT&T Mobility LLC | 4:09-CV-3243-RGK-RGK | D. Nebraska (Lincoln Division) | Judge Richard G. Kopf |
| **Plaintiff**: Stephanie Diethelm<br>**Defendants**: AT&T Mobility, LLC | CV 09-JEO-2546-S | N.D. Alabama (Southern Division) | Magistrate Judge John E. Ott |
| **Plaintiffs**: Jane F. Edmonds, Vicki L. Campbell and Vickie C. Leyja<br>**Defendant**: AT&T Mobility LLC | CIV- 09-cv-01379-F | W.D. Oklahoma (Oklahoma City Division) | Judge Stephen P. Friot |

| Plaintiff/Defendant | Case Number | District | Judge |
|---|---|---|---|
| **Plaintiff**: Adrienne M. Fox<br>**Defendant**: AT&T Mobility LLC | 5:10-cv-00026-BO | E.D. North Carolina<br>(Western Division) | Judge Terrence W. Boyle |
| **Plaintiff**: Christopher R. Havron<br>**Defendants**: AT&T, Inc. and AT&T Mobility LLC | 3:09-cv-01040-GPM-CJP | S.D. Illinois<br>(East St. Louis Division) | Judge G. Patrick Murphy |
| **Plaintiff**: Christopher Hendrix<br>**Defendant**: AT&T Mobility LLC | 09-cv-02658 JWL/JPO | D. Kansas<br>(Kansas City Division) | Judge John W. Lungstrum |
| **Plaintiff**: Martin Hoke<br>**Defendant**: AT&T Mobility LLC | 2:10-cv-006-JVB-APR | N.D. Indiana<br>(Hammond Division) | Judge Theresa L. Springmann |
| **Plaintiff**: Meri Iannetti<br>**Defendant**: AT&T Mobility LLC | 2:09-cv-1684 | W.D. Pennsylvania<br>(Pittsburgh Division) | Judge Joy Flowers Conti |
| **Plaintiff**: Stephen T. Johnson<br>**Defendant**: AT&T Mobility LLC | 4:09-cv-04104 | S.D. Texas<br>(Houston Division) | Judge Keith P. Ellison |
| **Plaintiff**: Kathy Johnson<br>**Defendant**: AT&T Mobility LLC | 2:10-cv-10064-JF-PJK | E.D. Michigan<br>(Detroit Division) | Judge John Feikens |
| **Plaintiff**: Jonathan Macy<br>**Defendants**: AT&T, Inc. and AT&T Mobility LLC | 1:10-cv-00079-WHP | S.D. New York<br>(Foley Square Division) | Judge William H. Pauley, III |
| **Plaintiff**: Heather Mazeitis<br>**Defendant**: AT&T Mobility LLC | 6:09-cv-02179-RFD-PJH | W.D. Louisiana<br>(Lafayette Division) | Judge Rebecca F. Doherty |
| **Plaintiff**: Adrienne D. Munson<br>**Defendant**: AT&T Mobility LLC | 9:09-cv-82439-KLR | S.D. Florida<br>(West Palm Beach Division) | Judge Kenneth L. Ryskamp |
| **Plaintiff**: Sarah Parker Pauley<br>**Defendants**: AT&T, Inc. and AT&T Mobility LLC | 2:09-cv-04248-NKL | W.D. Missouri<br>(Jefferson City Division) | Judge Nanette K. Laughrey |
| **Plaintiff**: Heather Rahn<br>**Defendant**: AT&T Mobility LLC | 2:09-cv-00218-WOB | E.D. Kentucky<br>(Covington Division) | Judge William O. Bertelsman |
| **Plaintiff**: Lesley Rock<br>**Defendant**: AT&T Mobility LLC | 1:10-cv-10069-RWZ | D. Massachusetts<br>(Boston Division) | Judge Rya W. Zobel |
| **Plaintiff**: James Shirley<br>**Defendant**: AT&T Mobility LLC | 1:09-cv-00636-S-DLM | D. Rhode Island<br>(Providence Division) | Judge William E. Smith |

| Plaintiff / Defendant | Case Number | District | Judge |
|---|---|---|---|
| **Plaintiff:** Randall Shuptrine<br>**Defendant:** AT&T Mobility LLC | 1:09-cv-00326 | E.D. Tennessee<br>(Chattanooga Division) | Judge Curtis L. Collier |
| **Plaintiff:** Dorothy Taylor<br>**Defendants:** American Telephone and Telegraph Company and AT&T Mobility LLC | 4:09-cv-00938-JLH | E.D. Arkansas<br>(Little Rock Division) | Judge J. Leon Holmes |
| **Plaintiff:** John w. Wallace<br>**Defendant:** AT&T Mobility LLC | 1:09-cv-928-HJW | S.D. Ohio<br>(Cincinnati Division) | Judge S. Arthur Spiegel |
| **Plaintiff:** Karen Wiand<br>**Defendant:** AT&T Mobility | 2:10-cv-10045-VAR- | E.D. Michigan<br>(Detroit Division) | Judge Victoria A. Roberts |
| **Plaintiff:** William A. Wieland<br>**Defendant:** AT&T Mobility LLC | 1:09-cv-02991-REB | D. Colorado<br>(Denver Division) | Judge Robert E. Blackburn |
| **Plaintiff:** Robert Wilhite<br>**Defendant:** AT&T Mobility Corporation | 1:10-cv-0005 | N.D. Georgia<br>(Atlanta Division) | Judge Robert L. Vining, Jr. |
| **Plaintiff:** Penny Annette Wood<br>**Defendant:** AT&T Mobility LLC | 4:09-cv-00577-JAJ-TJS | S.D. Iowa<br>(Central Division) | Judge John A. Jarvey |